[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In the cases of Gus Woods et al v. Commissioner decided by this Court and the Supreme Court's decisions in Michael Robinson v. Commissioner ofCorrection and Dwayne Johnson v. Commissioner of Correction the courts held that the portion of the statute that requires a violent offender to serve 85% of his sentence prior to being eligible for parole is invalid as to inmates whose offenses were committed prior to July 1, 1996 the effective date of the act or amendment setting forth the 85% standard. This includes original offenses committed prior to July 1, 1996 even though there was a violation of parole on that matter subsequent to July 1, 1996.
Since the decisions in these cases the Board of Parole no longer applies the 85% criteria to crimes committed prior to July 1, 1996, as further outlined in the letter to the undersigned from the Attorney General's office which is attached hereto as schedule B. Because of the adoption of this policy by the Board of Parole, the issue as to these situations has become moot. CT Page 5231
Accordingly, the following cases which are on schedule A attached hereto are hereby dismissed as being moot since the relief requested is now being granted by the Board of Parole.
Rittenband, JTR
 Schedule A
Docket Name Date of Offense
CV 02-0813685 Rogers 9/19/95
CV 00-0804403 Arroyo 6/12/91
 Dismissed only as to the 85/50 claim; not dismissed as to the claim that the plea agreement was not followed and that there was ineffective assistance of counsel.
CV 01-0805637 Crowder 9/15/95
CV 00-0803896 Ocasio 12/14/94
CV 01-0807616 Fisher 9/18/95
CV 01-0807312 Fernandez 4/13/96
CV 00-0803562 Jenkins 6/19/91
 Claim of ineffective assistance of council and failure to grant probation hearing is not dismissed
CV 01-0812410 Waters 8/12/94
CV 01-0812962 Diaz 9/2/92
CV 01-0812147 McCoy 4/18/96
CV 02-0812864 Ceasar 9/27/95
CV 02-0814624 Widlak 1/1/96
CV 02-0814623 Mukhtaar 3/17/96 CT Page 5232
sym.
 April 1, 2002
The Honorable Richard M. Rittenband Superior Court Judge 100 Washington Street Hartford, CT 06106
RE: Parole 85%/50% cases
 SCHEDULE B
Dear Judge Rittenband:
As you know, there are a number of parole 85%/50% cases still pending in the habeas court. Based on your Honor's Decision in Woods, King andRentas, as well as the Supreme Court's decisions in Michael Robinson v.Commissioner of Correction and Dwayne Johnson v. Commissioner ofCorrection, the Board of Parole no longer applies the 85% criteria to crimes committed prior to July 1, 1996. Accordingly, all inmates whose crimes were committed prior to July 1, 1996 have been given a parole eligibility dates based on 50% to be served. Accordingly, it is the respondent's claim that all pending habeas cases seeking an order of parole eligibility at 50% have become moot. It is the respondent's position that all such habeas cases may either be dismissed or withdrawn by the petitioners at their choice. It makes no sense to enter meaningless orders directing 50% parole eligibility since the board of Parole has already made these petitioners with offense dates prior to July 1, 1996 50% eligible. I trust this letter responses adequately to the court's recent inquiry concerning these cases.
 Very truly yours, Steven R. Strom Assistant Attorney General
SRS/kl
Enc. cc: Greg Everett, Board of Parole CT Page 5233